IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARISTOTLE INTERNATIONAL, INC.,    )
                                  )
    Plaintiff,                    )
                                  )
vs.                               )    Civil Action No. 1:05CV01700
                                  )
NGP SOFTWARE, INC.,               )
                                  )
    Defendant.                    )

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant NGP Software, Inc. ("NGP Software") hereby answers the allegations contained in Plaintiff's Complaint as follows:

1.    NGP Software is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.    NGP Software is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.    NGP Software admits that it is a District of Columbia corporation but denies the remaining allegations contained in paragraph 3.

4.    NGP Software admits the allegations contained in paragraph 4.

5.    NGP Software admits that it is a provider of political software and that it competes against Plaintiff and others for certain business. NGP Software denies the remaining allegations contained in paragraph 5.

### Jurisdiction and Venue

6.    NGP Software admits the allegations contained in paragraph 6.

### The Controversy Between the Parties

7.    NGP Software admits the allegations contained in paragraph 7.

8. NGP Software denies the allegations contained in paragraph 8.

9. NGP Software denies the allegations contained in paragraph 9.

10. NGP Software admits that it targets its marketing and promotion to Democrats and their allies but denies the remaining allegations contained in paragraph 10.

11. NGP Software admits that its mission is to deliver political technology and services to Democrats and their allies, that it seeks to provide a positive impression about its business abilities and ethics to its customers, and that, when appropriate, it attempts to convince them that its software and services would be best suited for their needs. NGP Software denies the remaining allegations contained in paragraph 11.

12. NGP Software admits that it markets its products and services through: (1) its website; (2) e-mails; (3) listings in select magazines, blogs, and directories; (4) the mail; and (5) other contacts with its customers and potential customers. NGP Software denies the remaining allegations contained in paragraph 12.

13. NGP Software asserts that any statements made in print speak for themselves, and notes that many of the quotations set forth in paragraph 13 are inaccurate and/or taken out of context. NGP Software denies the remaining allegations contained in paragraph 13.

14. NGP Software asserts that any statements made in print speak for themselves. NGP Software denies the remaining allegations contained in paragraph 14.

15. NGP Software admits that in its marketing and promotion it refers to servicing Democrats and their allies but denies the remaining allegations contained in paragraph 15.

16. NGP Software denies the allegations contained in paragraph 16.

17. NGP Software admits that it posted on its website an article written by the Wall Street Journal but denies the remaining allegations contained in paragraph 17.

18. NGP Software admits that its mission is to deliver political technology and service to Democrats and their allies but denies the remaining allegations contained in paragraph 18.

19. NGP Software denies the allegations contained in paragraph 19.

20. NGP Software admits that it has an agreement with another political software provider but denies the remaining allegations contained in paragraph 20.

21. NGP Software denies the allegations contained in paragraph 21.

22. NGP Software denies the allegations contained in paragraph 22.

23. NGP Software denies the allegations contained in paragraph 23.

24. NGP Software admits that it has had an agreement with another political software provider but denies the remaining allegations contained in paragraph 24.

25. NGP Software denies the allegations contained in paragraph 25.

26. NGP Software denies the allegations contained in paragraph 26.

27. NGP Software admits that it used to operate a business located at 5305 Connecticut Avenue but denies the remaining allegations contained in paragraph 27.

28. NGP Software admits that the address listed on its website is 5505 Connecticut Avenue but denies the remaining allegations contained in paragraph 28.

29. NGP Software denies the allegations contained in paragraph 29.

30. NGP Software admits that Nathan Pearlman has received a citation from the District of Columbia and that the matter has not been concluded. NGP Software denies the remaining allegations contained in paragraph 30.

31. NGP Software denies the allegations contained in paragraph 31.

32. NGP Software denies the allegations contained in paragraph 32.

33.     NGP Software denies the allegations contained in paragraph 33.

34.     NGP Software denies the allegations contained in paragraph 34.

35.     NGP Software denies the allegations contained in paragraph 35.

36.     NGP Software denies the allegations contained in paragraph 36.

37.     NGP Software denies the allegations contained in paragraph 37.

### Count I – Unfair Competition by False Advertising
### (Lanham Act)

38.     NGP Software incorporates by reference its answers to paragraphs 1-37 as though fully set forth herein.

39.     NGP Software denies the allegations contained in paragraph 39.

40.     NGP Software denies the allegations contained in paragraph 40.

41.     NGP Software admits that its political software entered interstate commerce but denies the remaining allegations contained in paragraph 41.

42.     NGP Software denies the allegations contained in paragraph 42.

43.     NGP Software denies the allegations contained in paragraph 43

44.     NGP Software denies the allegations contained in paragraph 44.

45.     NGP Software denies the allegations contained in paragraph 45.

NGP Software denies that Plaintiff is entitled to any judgment or to any relief against it.

### Count II — Unjust Enrichment

46.     NGP Software need not admit or deny this allegation at the present time since it has filed a Motion to Dismiss this Count II.

47.     NGP Software need not admit or deny this allegation at the present time since it has filed a Motion to Dismiss this Count II.

48.     NGP Software need not admit or deny this allegation at the present time since it has filed a Motion to Dismiss this Count II.

49.     NGP Software need not admit or deny this allegation at the present time since it has filed a Motion to Dismiss this Count II.

### Affirmative Defenses

A.     NGP Software pleads that Plaintiff has failed to state any claim upon which relief can be granted.

B.     NGP Software pleads the affirmative defense of unclean hands.

C.     NGP Software pleads that Plaintiff is barred from recovery because it is unable to prove that NGP Software engaged in any false or misleading advertising or that NGP Software caused it any damage.

D.     NGP Software pleads that Plaintiff is not entitled to recover its costs, expenses, or attorneys' fees under any theory of law.

E.     NGP Software pleads that this is an exceptional case and is entitled to its attorneys' fees and costs.

F.     NGP Software pleads that Plaintiff is not entitled to any equitable relief.

WHEREFORE, Defendant NGP Software prays that this Court dismiss Plaintiff's claims with prejudice, award NGP Software judgment against Plaintiff for its costs and attorneys' fees incurred in connection with those claims, and award NGP Software such other relief as this Court may deem just and proper.

                    Respectfully submitted,

                    /s/ Jeffrey L. Karlin
                    Eric L. Yaffe (DC Bar No. 439750)
                      ely@saslaw.com
                    Iris Figueroa Rosario (DC Bar No. 477009)
                      ifr@saslaw.com
                    Jeffrey L. Karlin (DC Bar No. 458465)
                      jlk@saslaw.com
                    Schmeltzer, Aptaker & Shepard, P.C.
                    2600 Virginia Avenue, N.W., Suite 1000
                    Washington, D.C. 20037
                    Telephone:   (202) 333-8800
                    Facsimile:    (202) 625-3311

Date: October 17, 2005                Attorneys for Defendant NGP Software, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2005, a copy of the foregoing **DEFENDANT'S ANSWER TO THE COMPLAINT** was sent by facsimile and first-class mail, postage prepaid, to the following:

        Robert L. Bredhoff, Esq.
          Rbredhoff@steinmitchell.com
        David U. Fierst, Esq.
          Dfierst@steinmitchell.com
        Stein, Mitchell & Mezines L.L.P.
        1100 Connecticut Avenue, N.W.
        Washington, D.C. 20036
        Telephone:   (202) 737-7777
        Facsimile:    (202) 296-8312
        Attorneys for Plaintiff Aristotle International, Inc.

                    /s/ Jeffrey L. Karlin