IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTOTLE INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:05CV01700 |
| ) | |
| NGP SOFTWARE, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Plaintiff's Complaint alleges: (1) unfair competition by false advertising under the Lanham Act (Count I); and (2) unjust enrichment (Count II). Specifically, Plaintiff claims that NGP Software, Inc.'s ("NGP Software") advertisements of its political software falsely mislead consumers to believe that it does not sell to Republicans. However, Plaintiff's Complaint is replete with factual inaccuracies and misquotations of NGP Software's materials,[1] and seems to have been filed in an attempt to gain a competitive advantage, to force NGP Software to expend resources in litigation, and to divert NGP Software's attention away from its business. NGP Software is confident that this matter will eventually be resolved entirely in its favor. For now, NGP Software moves to dismiss Count II, the unjust enrichment count since, even assuming all

---

[1] For example, Plaintiff selectively quotes in the Complaint from NGP Software's mission statement that NGP represents itself as an "'ethical' company based on the core principles of 'honesty and integrity' . . . ." Complaint ¶ 10. However, the full quotation from NGP Software's mission statement states as follows — "Founded in 1997, NGP operates according to our principles: Take good care of our clients, to operate with honesty and integrity, and charge reasonable fees for the products and services we provide." NGP Website, "Our Mission: Your Campaign" (visited Oct. 11, 2005).

of Plaintiff's allegations are true, its allegations fail to state a claim upon which relief can be granted.

## ARGUMENT

In considering a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Holly Sugar Corp. v. Veneman*, 355 F. Supp. 2d 181, 186 (D.D.C. 2005). The Court reviews "facts alleged in the complaint, documents attached as exhibits or incorporated by reference into the complaint, and matters about which the Court may take judicial notice." *Id.* "However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint." *Id.* In this action, even accepting all of Plaintiff's allegations in Count II as true, the allegations fail to state a claim upon which relief can be granted and thus Count II should be dismissed.

I. **THE UNJUST ENRICHMENT CLAIM OF THE COMPLAINT SHOULD BE DISMISSED SINCE PLAINTIFF HAS NOT ALLEGED, NOR CAN IT PROVE, THAT IT HAS CONFERRED A "BENEFIT" ON NGP SOFTWARE.**

Plaintiff's Complaint presents an alternative theory of unjust enrichment as a means to recover the profits Plaintiff asserts that NGP Software has obtained from misleading and false advertising. The Court should dismiss Plaintiff's unjust enrichment count because the four corners of the Complaint fail to assert any benefit that Plaintiff has conferred on NGP Software, a critical element of an unjust enrichment claim.

To sustain a claim of unjust enrichment, Plaintiff must establish that: (1) it conferred a legally cognizable benefit upon NGP Software; (2) NGP Software possessed an appreciation or knowledge of the benefit; and (3) NGP Software accepted or retained the benefit under inequitable circumstances. *In re Lorazepam & Clorazepate Antitrust Litig.*, 295 F. Supp. 2d 30,

2

50 (D.D.C. 2003) (citations omitted). *See also Holly Sugar Corp.*, 355 F. Supp. 2d at 190 (listing the same elements for a claim of unjust enrichment). "A necessary [and essential] element of a claim of unjust enrichment is that the plaintiff conferred a benefit on the defendant." *Lorazepam*, 295 F. Supp. 2d at 51 (citations omitted).

In this case, in pleading its unjust enrichment claim, Plaintiff makes no mention of any alleged "benefit" it has bestowed on NGP Software, and focuses instead on the alleged "profits" NGP Software has purportedly obtained as a result of the alleged false advertising. Complaint ¶¶ 47-48, 5. Specifically, Plaintiff states that "[d]efendant has been unjustly enriched as a result of the misrepresentations in its false and misleading advertising," and that "[i]t is grossly inequitable for Defendant to retain the profits on [the] sales of its Political Software that result from its false and misleading advertising." *Id.* ¶¶ 47-48. In paragraph 49 of the Complaint, Plaintiff attempts to overcome the deficiency in its pleadings by contending that NGP Software has gained and accrued "competitive benefits" from its alleged false advertising. *Id.* ¶ 49. However, Plaintiff does not — nor can it — assert that it has conferred any benefit upon NGP Software.

Accordingly, Plaintiff's allegations on unjust enrichment are insufficient as a matter of law. Plaintiff's arguments were rejected in *Sigma Dynamics, Inc. v. E. Piphany, Inc.*, No. C-04-569, 2004 U.S. Dist. LEXIS 24261 (N.D. Cal. May 21, 2004), a case similar to this one. In *Sigma Dynamics*, plaintiff claimed false advertising under the Lanham Act and unjust enrichment. *Id.* at *14-15. The magistrate judge recommended that the district court dismiss plaintiff's unjust enrichment count because the alleged "benefit" conferred on the defendant was tenuous at best:

> In the usual case, the benefit received by the defendant comes directly from
> the plaintiff so the equitable doctrine of unjust enrichment appropriately

3

>compensates the plaintiff. In this case, however, the alleged benefit to
>Defendant — increased customers and profits allegedly as a result of its
>false advertising — did not come directly from Plaintiff. Plaintiff has failed
>to cite a single case in which unjust enrichment applied in what is
>essentially a false advertising case between competitors. Any connection
>between the profits of Defendant and the profits of Plaintiff in a multi-
>competitor market would be highly indirect at best.

*Id.* at *15. The district judge adopted the recommendations of the magistrate judge and dismissed, among other things, the unjust enrichment claim. *Sigma Dynamics, Inc. v. E. Piphany, Inc.*, No. C-04-569, 2004 U.S. Dist. LEXIS 24254 (N.D. Cal. June 25, 2004).

As in *Sigma Dynamics*, here Plaintiff is not entitled to NGP Software's profits simply because it represents that NGP Software is a competitor. Nor is Plaintiff entitled to unjust enrichment because it contends that NGP Software has allegedly gained "competitive benefits" from the alleged false advertising. On the contrary, such claims of a "benefit" are speculative at best, as the court held in *Sigma Dynamics*, since they do not derive from Plaintiff. Accordingly, because Plaintiff has not and cannot satisfy the elements of unjust enrichment, the Court should dismiss Count II from the Complaint.[2]

---

[2] In another case in this jurisdiction, a plaintiff creatively attempted to argue that unjust enrichment should be awarded to it and against defendant as a deterrent. *See ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958 (D.D.C. 1990), *aff'd in part, rev'd in part, and remanded in part*, 997 F.2d 949 (D.C. Cir. 1993). The D.C. Circuit, however, rejected such an approach, stating that "deterrence alone cannot justify such an award" for unjust enrichment. *Id.* at 969.

## CONCLUSION

For the reasons stated above, Count II of Plaintiff's Complaint should be dismissed.

Respectfully submitted,

/s/ Jeffrey L. Karlin
Eric L. Yaffe (DC Bar No. 439750)
  ely@saslaw.com
Iris Figueroa Rosario (DC Bar No. 477009)
  ifr@saslaw.com
Jeffrey L. Karlin (DC Bar No. 458465)
  jlk@saslaw.com
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W., Suite 1000
Washington, D.C.  20037
Telephone:   (202) 333-8800
Facsimile:   (202) 625-3311

Date:  October 17, 2005                Attorneys for Defendant NGP Software, Inc.