IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTOTLE INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No.1:05CV01700 |
| ) | |
| NGP SOFTWARE, INC. ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

Plaintiff Aristotle International, Inc. ("Aristotle"), through its attorneys, hereby opposes Defendant NGP Software Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint ("Defendant's Motion").

**INTRODUCTION**

Aristotle has filed a false advertising lawsuit against Defendant under the Lanham Act. (15 U.S.C. § 1115, *et seq.* ("Lanham Act" or "Act")). Aristotle has properly pleaded all of the elements of two theories of recovery that are authorized by the Act: one for unfair competition (Count I), and one related count for an equitable award of Defendant's profits to prevent unjust enrichment (Count II). Defendant seeks to dismiss the second count under Fed. R. Civ. P. 12(b)(6), based on the erroneous belief that Aristotle has failed to plead the requisite elements.

In Lanham Act jurisprudence, the concept of "unjust enrichment" is often used to describe the theory underlying a demand for a discretionary award of a

defendant's profits. Awards of defendants' profits are expressly authorized by the broad grant of equitable powers to the Court under Section 35 of the Act. (15 U.S.C. §1117(a)).

In the D.C. Circuit, the prerequisites to the relief sought under Count II are 1) that a defendant's false advertising has violated the Lanham Act, and 2) that such false advertising has been "willful" or in "bad faith". Other federal circuit courts also recognize this theory for awarding the defendant's profits to a plaintiff in Lanham Act cases – some not even requiring willfulness or bad faith. None of these Lanham Act cases uses the three-part test described in Defendant's Memorandum of Law in Support of Its Motion to Dismiss Count II of Plaintiff's Complaint ("Defendant's Brief") for "unjust enrichment" in non-Lanham Act cases.

Aristotle has properly pleaded the elements required by this Court to obtain the relief requested in Count II, and Defendant's Motion should be denied.

## **ARGUMENT**

**I.     STANDARD FOR MOTIONS TO DISMISS UNDER RULE 12(b)(6)**

To prevail on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "To that end, the complaint is construed liberally in the plaintiffs' favor, and we grant plaintiffs the benefit of all inferences that can be derived from the facts alleged."

2

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)(citations omitted).

The liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires only a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley, supra*, at 47. A complaint may set forth two or more statements of a claim, either in one count or in separate counts, as well as in the alternative. Fed. R. Civ. P. 8(e)(2).

"At this stage of the litigation the plaintiff's burden is relatively light." *Maljack Productions, Inc., v. Motion Picture Association of America, Inc.,* 52 F.3d 373, 375 (D.C. Cir. 1995). The Federal Rules operate on the principle that "the purpose of pleading is to facilitate a proper decision on the merits." *Conley, supra, at 47.* To achieve this goal, the Federal Rules charge the courts with construing a complaint "so ... as to do substantial justice." Fed. R. Civ. P. 8(f).

### II. COUNT II OF ARISTOTLE'S COMPLAINT PROPERLY PLEADS THE ELEMENTS NECESSARY TO SUSTAIN THE REQUESTED AWARD OF DEFENDANT'S PROFITS UNDER THE LANHAM ACT

#### A. The D.C. Circuit Does Not Use The Defendant's Three-Part "Unjust Enrichment" Test For Awards of A Defendant's Profits Under The Lanham Act

It is well-settled that the Lanham Act permits a court to award the defendant's profits to a plaintiff in order to prevent unjust enrichment resulting from defendant's willful or bad faith violation of the Act. Section 35 of the Act

expressly permits a plaintiff who successfully establishes a violation of §43(a) of the Act to recover defendant's profits, subject to the principles of equity.[1]

Pursuant to this authority, the D.C. Circuit has recognized the unjust enrichment or "deterrence" theory of recovery if the elements of a willful or bad faith violation of the Lanham Act are present. In such Lanham Act cases, the Court of Appeals does not employ the three-part "unjust enrichment" test used in the non-Lanham Act cases cited in Defendant's Brief. *See* Defendant's Brief at 2-4.

In a Lanham Act false advertising case, *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958 (D.C. Cir.1990), *aff'd in part, rev'd in part, and remanded in part*, 997 F.2d 949 (D.C. Cir 1993), the Court of Appeals considered the "unjust-enrichment theory" and stated that "[a]wards of profits are justified under the theory because they deter infringement in general and thereby vindicate consumers' interests." *Id*. at 968 The *ALPO* court cautioned that "deterrence alone cannot justify such an award" and emphasized that "an award based on a defendant's profits requires proof that the defendant acted willfully or in bad faith". *Id.*, *citing Foxtrap, Inc. v. Foxtrap, Inc.,* 671 F.2d 636, 641 (D.C.Cir.1982).

---

[1] Section 35 of the Lanham Act, 15 U.S.C. § 1117, provides in pertinent part:

> When … a violation under section 43(a)… shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32 and subject to the principles of equity, to recover (1) defendant's profits….. The court shall assess such profits or cause the same to be assessed under its direction… In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed…. If the court shall find that the amount of recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty….

In the *Foxtrap* case cited in *ALPO*, the Court of Appeals invoked the principle of deterrence in authorizing an award of defendant's profits under the Lanham Act. Specifically, the *Foxtrap* court advised the district court to make an award that would "deter the defendant, yet not be a windfall to plaintiff nor amount to punitive damages." *See id.*, at 642 n.11. In a passage later quoted in *ALPO*, the *Foxtrap* court also observed that such an award of the defendant's profits could only be made where the court had found "a relatively egregious display of bad faith". *Id.*, at 641.

Under *Foxtrap* and *ALPO*, the rule in this Circuit is clear: Under the broad equitable powers conferred by the Lanham Act, an award of Defendant's profits may be based on the related principles of unjust enrichment and deterrence, but may not be justified by such principles alone. Proof that the defendant acted willfully or in bad faith is required.

### B. For Claims Under the Lanham Act, Other Federal Circuits Also Do Not Use Defendant's Three-Part Test For "Unjust Enrichment"

Other federal circuits also recognize the "unjust enrichment" theory for recovery of a defendant's profits in Lanham Act cases. These courts often interpret differently the interplay between and among "unjust enrichment", "deterrence", and the degree of defendant's willfulness or bad faith. Significantly, however, none of these courts require the three-part test used in the non-Lanham Act "unjust enrichment" cases cited in Defendant's Brief.

In *Tamko Roofing Products, Inc. v. Ideal Roofing Co. Ltd.*, 282 F.3d 23 (1st Cir. 2002), for example, the First Circuit held that it "could not say that there was an abuse of discretion in awarding defendant's profits in order to

5

avoid unjust enrichment where the infringement was willful." The court reasoned:

> …[t]he district court, so long as the sum awarded was not a penalty, was entitled to consider two other policy objectives once it found that defendant's conduct was inequitable: awarding defendant's profits based on unjust enrichment to the defendant, or based on a deterrence theory.

*Id.,* at 37, *citing* <u>Aktiebolaget Electrolux</u> v. <u>Armatron Int'l, Inc.,</u> 999 F.2d 1, 5 (1st Cir. 1993) ("[W]here defendant's inequitable conduct warrants bypassing the usual rule of actual harm, damages may be assessed on an unjust enrichment or deterrence theory"). *See also Estate of Bishop v. Equinox International Corp.,* 256 F.3d 1050, 1054 (10th Cir. 2001), *cert. den.*, 534 U.S. 1130 (2002)("[W]e have acknowledged that a showing of actual damages is not required to recover a portion of an infringing defendant's profits in a trademark action, and that plaintiffs in such cases may recover the defendants' profits based upon the alternative theories of the prevention of unjust enrichment and the deterrence of willful infringement...."); *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537-40 (2nd Cir. 1992) (willful or intentional misconduct justifies award of profits under theories of unjust enrichment or deterrence), *cert. denied*, 506 U.S. 991 (1992); *Badger Meter, Inc. v. Grinnell Corp.*, 13 F.3d 1145, 1157 (7th Cir. 1994) (even if a plaintiff is unable to demonstrate damages resulting from the defendant's §43(a) violation, §35 of the Act allows the district court to award the plaintiff any just monetary award so long as it constitutes "compensation" for the plaintiff's losses or the defendant's unjust enrichment and is not simply a "penalty " for the defendant's conduct); *Burger King Corp. v. Weaver,* 169 F.3d 1310 (11th Cir. 1999), *reh. den.*, 182 F.3d 938 (1999), *cert.*

*den.,* 528 U.S. 948 (1999)("An accounting for profits has been determined by this Court to further the congressional purpose by making infringement unprofitable, and is justified because it deprives the defendant of unjust enrichment and provides a deterrent to similar activity in the future.")

Based on *Foxtrap*, *ALPO,* and the other federal cases cited herein, it is beyond challenge that Count II of Aristotle's complaint under the Lanham Act involves completely different elements from the three-part "unjust enrichment" test used in the non-Lanham Act claims cited in Defendant's Brief. *See* Defendant's Brief at 2-4. Such three-part test therefore has no applicability to the instant case.

### C. Aristotle Has Pleaded the Requisite Elements Under Count II

Paragraph 45 of Aristotle's Complaint specifically alleges that Defendant's advertising and promotions are "willful, in bad faith, deliberately false, intentionally set forth to deceive the public, and egregious in light of the advertising culture of the marketplace in which the parties compete". Paragraph 46 of Aristotle's Complaint expressly incorporates Paragraphs 1-45 by reference into Count II, which seeks the equitable remedy of an award of profits from an inequitably and unjustly enriched defendant.

Except for Defendant's reliance on the irrelevant three-part "unjust enrichment" test derived from non-Lanham Act cases, Defendant's only other argument for dismissal is relegated to a footnote citing *ALPO's* holding that "deterrence alone cannot justify such an award". *See* Defendant's Brief at 4 n. 2. Yet, as Defendant is fully aware, Count II of Aristotle's Complaint *does not* rely on "deterrence alone" for an award of Defendant's profits. To the contrary,

7

Aristotle *does* in fact allege the elements of "willfulness" and "bad faith", as required by *Foxtrap* and *ALPO*.

Taking Defendant's argument to its logical conclusion, a court would never have the power to award a defendant's profits to a plaintiff who has alleged that the defendant has been unjustly enriched through a willful and bad faith violation of the Lanham Act. Defendant argues that such a plaintiff has failed to state a claim upon which relief can be granted. But this is obviously an untenable argument, and contravenes the Court of Appeals' holdings in *ALPO* and *Foxtrap*.

If Aristotle's pleading is to be chided, it might be for using the parenthetical shorthand title of "unjust enrichment" to describe a claim made under the Lanham Act for an equitable award of profits to deter a Defendant that has been unjustly enriched by its willful and bad faith violation of the Act. Although not required, a more specific or detailed parenthetical title might have been preferable.

Nevertheless, the substance of Count II of Aristotle's Complaint seeks the very remedy authorized by the Court of Appeals in *Foxtrap* and cited with approval in *ALPO.* That is, where Defendant's willful or bad faith violation of the Act has been alleged and will be demonstrated, Aristotle seeks an award of profits that will "deter an [unjustly enriched] defendant, yet not be a windfall to Aristotle nor amount to punitive damages". *Cf. ALPO, supra*, 913 F.2d at 968-69, *quoting Foxtrap*, *supra*, 671 F.2d at 641 and 642 n.11. The demand for Defendant's profits in Count II therefore expressly states all of the necessary

8

elements recognized in this Circuit for a claim upon which relief can be granted under the Lanham Act.

Should Aristotle later be unable to prove both a violation of the Lanham Act and the presence of the elements of willfulness or bad faith, the holdings in *Foxtrap* and *ALPO* would preclude Aristotle from recovering under Count II. However, dismissal of that Count is inappropriate at this time.

This Court has broad equitable powers to award Defendant's profits under the Lanham Act for Count II (as well as for Count I, which Defendant has not moved to dismiss). For dismissal at this stage of the pleadings, Defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley, supra*, 355 U.S. at 45-46. Defendant cannot possibly meet this standard here.

## CONCLUSION

For the reasons stated above, Aristotle respectfully requests that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint be denied.

Respectfully submitted,

/s/
Robert L. Bredhoff, Esq., #338103
David U. Fierst, Esq., #912899
Stein, Mitchell & Mezines L.L.P.
1100 Connecticut Avenue, N.W.
Washington, DC 20036
Phone: (202) 737-7777
Fax: (202) 296-8312 (fax)
RBredhoff@steinmitchell.com
DFierst@steinmitchell.com
Attorneys for Plaintiff

                    /s/
_____
J. Blair Richardson, Esq. #385482
7440 Chummley Court
Falls Church, Virginia 22043
(703) 846-0078
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2005, a copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT** was sent by first-class mail, postage prepaid, to the following:

>Eric L. Yaffe, Esq.
>    ely@saslaw.com
>Iris Figueroa Rosario, Esq.
>    ifr@saslaw.com
>Jeffrey L. Karlin, Esq.
>    jlk@saslaw.com
>Schmeltzer, Aptaker & Shepard, P.C.
>2600 Virginia Avenue, NW, Suite 1000
>Washington, DC 20037
>Telephone:    202-333-8800
>Facsimile:    202-625-3311
>Attorneys for Defendant NGP Software, Inc.

/s/ Robert L. Bredhoff

11