IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARISTOTLE INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:05CV01700 |
| | ) | |
| NGP SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Recognizing that it has conferred no "benefit" on Defendant NGP Software, Inc. ("NGP Software"), Plaintiff Aristotle International, Inc. ("Aristotle") attempts to salvage its unjust enrichment claim by contending that it is not required to allege the traditional elements of unjust enrichment. However, in cases where a plaintiff has averred both Lanham Act and unjust enrichment counts, the courts have dismissed the plaintiff's unjust enrichment count because, as here, the plaintiff had not demonstrated or alleged that it conferred any "benefit" on defendant. Indeed, Aristotle's argument that its unjust enrichment count is just an extension of its Lanham Act count is an admission that the unjust enrichment count cannot stand on its own. As discussed further below, the Lanham Act count (Count I) already includes Aristotle's "unjust enrichment" damages theory and thus Count II is, at best, duplicative of Count I. For these and other reasons stated below, Count II should be dismissed.

I. **ARISTOTLE IS UNABLE TO SHOW THAT IT CONFERRED A "BENEFIT" ON NGP SOFTWARE, AND THEREFORE COUNT II FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Aristotle contends that it is not required to prove the traditional elements of unjust enrichment because its claim is an extension of its Lanham Act claim. However, in cases where a plaintiff has pleaded both Lanham Act and unjust enrichment claims, the courts have dismissed the unjust enrichment claim because plaintiff either failed to allege or prove that it conferred a "benefit" on defendant.[1]

Here, in asserting that it is not required to show the traditional elements of unjust enrichment, Aristotle completely ignores the case of *Sigma Dynamics, Inc. v. E. Piphany, Inc.*, No. C-04-569, 2004 U.S. Dist. LEXIS 24261 (N.D. Cal. May 21, 2004), *aff'd*, No. C-04-569, 2004 U.S. Dist. LEXIS 24254 (N.D. Cal. June 25, 2004), which NGP Software cited in its Motion and is squarely on point. In *Sigma Dynamics*, the court considered plaintiff's claim of unjust enrichment as well as its Lanham Act (false advertising) claim. The court dismissed the unjust enrichment count, finding that, because the alleged "benefit" conferred on the defendant was tenuous at best, plaintiff's unjust enrichment count failed:

> In the usual case, the benefit received by the defendant comes directly from the plaintiff so the equitable doctrine of unjust enrichment appropriately compensates the plaintiff. In this case, however, the alleged benefit to Defendant — *increased customers and profits allegedly as a result of its false advertising* — did not come directly from Plaintiff. Plaintiff has failed to cite a single case in which unjust enrichment applied in what is essentially a *false advertising case between competitors*. Any connection between the profits of Defendant and the profits of Plaintiff in a multi-competitor market would be highly indirect at best.

---

[1] As noted in NGP Software's Motion, in order to sustain a claim of unjust enrichment, Aristotle must establish that: (1) it conferred a legally cognizable benefit upon NGP Software; (2) NGP Software possessed an appreciation or knowledge of the benefit; and (3) NGP Software accepted or retained the benefit under inequitable circumstances. *In re Lorazepam & Clorazepate Antitrust Litig.*, 295 F. Supp. 2d 30, 50 (D.D.C. 2003) (citations omitted).

*Id.* at *15 (emphasis added).

Similarly, in other cases where a plaintiff has alleged both Lanham Act and unjust enrichment claims, the courts have dismissed or granted defendant summary judgment on the unjust enrichment claim because plaintiff failed to allege or show any "benefit" conferred on defendant. *See Cathey Assoc., Inc. v. Beougher*, 95 F. Supp. 2d 643, 656 (N.D. Tex. 2000) (court granted defendant's motion for summary judgment on the Lanham Act and unjust enrichment claims, and noted "[t]o recover under a theory of unjust enrichment, Plaintiffs must demonstrate that Defendant has obtained a benefit from Plaintiffs . . ."); *Prima v. Darden Rest., Inc.*, 78 F. Supp. 2d 337, 355 (D.N.J. 2000) (plaintiff claimed a Lanham Act violation as well as a claim for unjust enrichment; court dismissed the unjust enrichment count because "[t]he plaintiff has not alleged that she performed or otherwise conferred a benefit on the defendants . . ."); *Barr Lab., Inc. v. Bolar Pharm. Co.*, No. 91-4374, 1992 U.S. Dist. LEXIS 22883, at *35 (D.N.J. July 13, 1992) (same).

Aristotle's unjust enrichment claim also must fail. In pleading a separate claim of unjust enrichment, Aristotle makes no mention of any alleged "benefit" it has bestowed on NGP Software, and focuses instead on the alleged "profits" NGP Software has purportedly obtained as a result of the alleged false advertising. Complaint ¶¶ 47-48, 5. In paragraph 49 of the Complaint, Aristotle attempts to overcome the deficiency in its pleadings by contending that NGP Software has gained and accrued "competitive benefits" from its alleged false advertising. *Id.* ¶ 49. However, Aristotle does not — nor can it — assert that it has conferred any benefit upon NGP Software.

Recognizing that its "competitive benefits" theory has been rejected in *Sigma Dynamics, Inc.* and that Aristotle has not conferred a benefit on NGP Software, Aristotle now contends that

it is not required to prove the traditional elements of unjust enrichment. Plaintiff's Opp. at 4-7. However, the cases Aristotle cites in support of this proposition are inapposite. *See id.* None of those cases include a separate count of unjust enrichment. On the contrary, in each case, the court noted that plaintiff was statutorily entitled to defendant's profits pursuant to the Lanham Act, 15 U.S.C. § 1117(a) upon a showing that defendant acted "'willfully or in bad faith' to deceive customers at its expense." *Riggs Inv. Mgmt. Corp. v. Columbia Partners, L.L.C.*, 966 F. Supp. 1250, 1270 (D.D.C. 1997) (citations omitted). Courts often characterize a request for defendant's profits under the Lanham Act as one for "unjust enrichment." *See, e.g., Maier Brewing Co. v. Buchanan*, 390 F.2d 117, 123 (9th Cir. 1968) ("there is nothing in the Lanham Act which would seem to preclude the use of the unjust enrichment rationale for an accounting of profits."); *Audi AG v. D'Amato*, 381 F. Supp. 2d 644, 668 (E.D. Mich. 2005) (quoting *Maier Brewing Co.*). Aristotle's characterization of its theory of damages under the Lanham Act as "unjust enrichment," however, does not mean that in pleading a separate, independent count of unjust enrichment, Aristotle is relieved of the burden of establishing the traditional elements necessary to establish that claim. *See supra* Section I. Aristotle must aver the elements of unjust enrichment in Count II and, having not done so, its unjust enrichment count must fail.

## II.    ARISTOTLE'S COUNT II IS A SEPARATE COUNT THAT ALLEGES A SEPARATE THEORY OF LIABILITY FOR THE RECOVERY OF NGP SOFTWARE'S PROFITS.

Aristotle's contention that its unjust enrichment count is an extension of its Lanham Act count is contradicted by its own pleading. Count I seeks NGP Software's profits, and alleges the elements of a Lanham Act claim. Complaint ¶¶ 45.F., 39-45.[2] Count II also seeks NGP

---

[2] Aristotle cites to Fed. R. Civ. P. 8(e)(2) for the proposition that it "may set forth two or more statements of a claim, either in one count or in separate counts, as well as in the alternative Fed. R. Civ. P. 8(e)(2)." Plaintiff's Opp. at 3. However, Rule 8(e)(2) also provides that when two or

4

Software's profits, and attempts to aver the elements of an unjust enrichment claim. Specifically, Aristotle alleges that NGP Software has been unjustly enriched as a result of false advertising, that it is grossly inequitable for NGP Software to retain the profits on the sales of its Political Software, and that "*[i]n view of the competitive benefits accruing to Defendant . . . .,*" it is grossly inequitable for NGP Software to retain any profits. Complaint ¶¶ 47-49 (emphasis added). The counts present different theories of liability for the recovery of NGP Software's profits — one under the Lanham Act and one under an unjust enrichment theory. As shown above, however, Aristotle's unjust enrichment count should be dismissed since Aristotle has not pled and cannot show that it conferred any "benefit" on NGP Software.

### III.   EVEN IF ARISTOTLE'S UNJUST ENRICHMENT COUNT IS A PART OF THE LANHAM ACT COUNT, THE UNJUST ENRICHMENT COUNT SHOULD STILL BE DISMISSED BECAUSE IT IS DUPLICATIVE.

Aristotle concedes that it should be "chided" for pleading an unjust enrichment claim that is simply a part of its Lanham Act claim. Plaintiff's Opp. at 8. In essence, Aristotle now admits that Count II is not a truly independent count, but rather is a part of Count I. *See* Plaintiff's Opp. at 1 ("[Count II is a] related count for an equitable award of Defendant's profits to prevent unjust enrichment . . . ."), at 8 ("If Aristotle's pleading is to be chided, it might be for using the parenthetical shorthand title of 'unjust enrichment' to describe a claim made under the Lanham Act for an equitable award of profits . . ."), at 8 ("The demand for Defendant's profits in Count II therefore expressly states all of the necessary elements recognized in this Circuit for a claim upon which relief can be granted under the Lanham Act."), at 9 ("This Court has broad equitable powers to award Defendant's profits under the Lanham Act for Count II . . . ."). The problem for

---

more statements of a claim are made in the alternative and one of them is insufficient, that claim may be dismissed. Here, because Count II is insufficient, it should be dismissed.

5

Aristotle is that it is already seeking NGP Software's profits under an unjust enrichment theory under Count I ("Awarding Defendant's profits on all sales obtained as a result of Defendant's false advertising." Complaint at 13 ¶ 45.F.) and therefore its unjust enrichment claim under Count II is merely duplicative of Count I and should be dismissed.

To the extent that Aristotle concedes that Count II is duplicative of Count I, a dismissal of Count II would not merely be an academic exercise. On the contrary, as counsel for Aristotle well knows, it takes funds and resources, including time spent on discovery and legal research, to defend each count in a Complaint. Moreover, this separate legal claim, which fails to state a claim upon which relief can be granted, also affects judicial resources and could potentially confuse the jury, which would ultimately weigh a duplicative count if the count remained in the case. Accordingly, Count II should be dismissed from the Complaint.

## CONCLUSION

For the reasons stated above, Count II of Aristotle's Complaint should be dismissed.

Respectfully submitted,

/s/ Jeffrey L. Karlin
Eric L. Yaffe (DC Bar No. 439750)
  ely@saslaw.com
Iris Figueroa Rosario (DC Bar No. 477009)
  ifr@saslaw.com
Jeffrey L. Karlin (DC Bar No. 458465)
  jlk@saslaw.com
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W., Suite 1000
Washington, D.C. 20037
Telephone:    (202) 333-8800
Facsimile:     (202) 625-3311

Date: November 4, 2005        Attorneys for Defendant NGP Software, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2005, a copy of the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT** was sent by facsimile and first-class mail, postage prepaid, to the following:

> Robert L. Bredhoff, Esq.
>   Rbredhoff@steinmitchell.com
> David U. Fierst, Esq.
>   Dfierst@steinmitchell.com
> Stein, Mitchell & Mezines L.L.P.
> 1100 Connecticut Avenue, N.W.
> Washington, D.C. 20036
> Telephone:   (202) 737-7777
> Facsimile:   (202) 296-8312
> Attorneys for Plaintiff Aristotle International, Inc.

/s/ Jeffrey Karlin