**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ARISTOTLE INTERNATIONAL, INC.   )
                                )
       Plaintiff                )
                                )
v.                                )      Civil Action No.1:05CV01700
                                )      (RWR)
NGP SOFTWARE, INC.         )
                                )
       Defendant           )

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY
TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO
DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant asks this Court to engage in a pointless academic exercise. Defendant persists in attempting to dismiss a claim that Aristotle has not asserted – that is, a claim of common law unjust enrichment. Aristotle has explained that Count II of its Complaint seeks only to assert the unjust enrichment theory under the Lanham Act. Defendant's arguments seeking to dismiss a non-existent common law unjust enrichment claim are therefore irrelevant.

Defendant now asserts, without citation of authority, that "even if Aristotle's unjust enrichment count is part of the Lanham Act count, it should be dismissed because it is duplicative" of Count I. Defendant's Reply at 5. But Count II is not stated identically to Count I. If Defendant agrees that all non-identical factual allegations and remedial demands should be considered part of Count I, it makes no difference to Aristotle. Under this scenario, the case would remain **exactly** the same from Aristotle's perspective, and in terms of the discovery to be taken.

However, if Defendant objects to considering all non-identical allegations and demands in Count II as part of Count I, then its "duplicative counts" argument is exposed as wasteful pleadings gamesmanship. The Federal Rules reject the approach that pleading is a "game". *See Conley v. Gibson*, 355 U.S. 41, 48 (1957)

The Court should either deny Defendant's Motion, or treat the non-identical portions of Count II as part of Count I.  Either way, it does not affect the prosecution of Aristotle's action in the slightest.

For all of the reasons set forth in its Opposition and in this Sur-Reply, it is respectfully submitted that Defendant's Motion should be denied.

Respectfully submitted,

_____/s/_____
Robert L. Bredhoff, Esq., #338103
David U. Fierst, Esq., #912899
Stein, Mitchell & Mezines L.L.P.
1100 Connecticut Avenue, N.W.
Washington, DC 20036
Phone: (202) 737-7777
Fax: (202) 296-8312 (fax)
RBredhoff@steinmitchell.com
DFierst@steinmitchell.com
Attorneys for Plaintiff

_____/s/_____
J. Blair Richardson, Esq. #385482
7440 Chummley Court
Falls Church, Virginia 22043
(703) 846-0078
Counsel for Plaintiff

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of November, 2005, a copy of the foregoing

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S**

**OPPOSITION TO ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S**

**COMPLAINT** was sent by first-class mail, postage prepaid, to the following:


> Eric L. Yaffe, Esq.
>     ely@saslaw.com
> Iris Figueroa Rosario, Esq.
>     ifr@saslaw.com
> Jeffrey L. Karlin, Esq.
>     jlk@saslaw.com
> Schmeltzer, Aptaker & Shepard, P.C.
> 2600 Virginia Avenue, NW, Suite 1000
> Washington, DC 20037
> Telephone:    202-333-8800
> Facsimile:    202-625-3311
> Attorneys for Defendant NGP Software, Inc.



                                          /s/ Robert L. Bredhoff__