**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ARISTOTLE INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  1:05CV01700 |
| | ) | |
| NGP SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY**

Aristotle alleges that Count II contains "non-identical factual allegations and remedial demands" that are different from Count I.  Plaintiff's Sur-Reply at 1.  Interestingly, Aristotle fails to identify any of these "different," non-identical factual allegations and remedial demands in its Sur-Reply.  NGP Software submits, however, that Aristotle's "non-identical factual allegations" are simply an attempt to aver the elements of a common law claim of unjust enrichment.  Indeed, it is plain from reading the Complaint that Aristotle initially intended to file a common law unjust enrichment claim, by alleging that NGP Software has gained "competitive benefits," that it has been unjustly enriched, and that Aristotle is entitled to NGP Software's profits.  Complaint ¶ 47-49.

Nevertheless, Aristotle contends in its opposition papers that Count II merely seeks damages for unjust enrichment under the Lanham Act.  NGP Software noted previously, however, that Count I seeks NGP Software's *profits*, and alleges the elements of a Lanham Act claim, rendering Aristotle's purported damages claim for unjust enrichment under Count II entirely duplicative and unnecessary.

To the extent Aristotle is suggesting that Count II is necessary, it is mistaken.  A claim of unjust enrichment under the Lanham Act is simply a request for NGP Software's profits.  There

is, therefore, no need whatsoever to plead a separate count of unjust enrichment since, if successful, Aristotle may recover NGP Software's profits under the Lanham Act and Count I of its Complaint. *See* 15 U.S.C. § 1117(a)(1). As NGP Software pointed out at page four of its Opposition, courts often characterize a request for defendant's profits under the Lanham Act as one for "unjust enrichment." The fact that a request for a defendant's profits are coined as "unjust enrichment" by some courts, does not mean it is necessary for Aristotle to allege a count of unjust enrichment under Count II.

Indeed, Aristotle concedes that it is able to proceed without its "duplicative" Count II, since it is already seeking NGP Software's profits under Count I (the Lanham Act count). To the extent Aristotle is willing to have the Court treat its Count II damages theory as part of Count I, NGP Software is willing to agree to such a request, provided Count II is dismissed by Aristotle or dismissed with prejudice by the Court. As NGP Software asserted in page six of its Reply, it would be confusing, unnecessary, and potentially expensive for Count II to remain.

For the reasons stated in NGP Software's Motion to Dismiss, Opposition, and in this Response, Count II of Aristotle's Complaint should be dismissed.

Respectfully submitted,


/s/ Jeffrey L. Karlin
Eric L. Yaffe (DC Bar No. 439750)
  ely@saslaw.com
Iris Figueroa Rosario (DC Bar No. 477009)
  ifr@saslaw.com
Jeffrey L. Karlin (DC Bar No. 458465)
  jlk@saslaw.com
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W., Suite 1000
Washington, D.C.  20037
Telephone:    (202) 333-8800
Facsimile:    (202) 625-3311

Date:  November 11, 2005           Attorneys for Defendant NGP Software, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2005, a copy of the foregoing

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY** was filed electronically with

the Court and sent by facsimile and first-class mail, postage prepaid, to the following:


Robert L. Bredhoff, Esq.
  Rbredhoff@steinmitchell.com
David U. Fierst, Esq.
  Dfierst@steinmitchell.com
Stein, Mitchell & Mezines L.L.P.
1100 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:    (202) 737-7777
Facsimile:    (202) 296-8312
Attorneys for Plaintiff Aristotle International, Inc.


/s/ Jeffrey Karlin