IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTOTLE INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:05CV01700 |
| ) | |
| NGP SOFTWARE, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE
TO FILE AN AMENDED ANSWER**

Defendant NGP Software, Inc. ("NGP") submits this memorandum in support of its Motion for Leave to file the Amended Answer, which is attached hereto as Exhibit A. This lawsuit is in its initial stages, and the service and filing of NGP's Amended Answer will not prejudice Plaintiff Aristotle International, Inc. ("Aristotle") or delay this case. NGP therefore respectfully requests that the Court grant NGP leave to file its Amended Answer.

**BRIEF PROCEDURAL SUMMARY AND STATUS OF THE CASE**

Aristotle commenced this action against NGP alleging: (a) Count I, unfair competition by false advertising under the Lanham Act; and (b) Count II, unjust enrichment. *See* Complaint (Docket No. 1). In response to Aristotle's Complaint, NGP filed a Motion to Dismiss Count II, unjust enrichment (Docket 7), and an Answer to Aristotle's averments (Docket No. 6). The matter concerning Count II was resolved by the parties, and on June 7, 2006, the Court entered a Scheduling Order (Docket No. 20).

The lawsuit is in its early stages. Under the Court's Scheduling Order, discovery is not required to be completed until December 4, 2006. A trial date has not been scheduled. Since the time that the Court issued the Scheduling Order, the parties have been actively engaged in written discovery. To date, no depositions have taken place.

## ARGUMENT

I. THE FILING OF THE AMENDED ANSWER WILL NOT DELAY THE CASE OR PREJUDICE ARISTOTLE

Pursuant to Rule 15(a), a party's request for leave to amend its pleadings "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). "Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is 'to facilitate a proper decision on the merits,' not to set the stage for 'a game of skill in which one misstep by counsel may be decisive to the outcome.'" *Dove v. Washington Metro. Area Transit Auth.*, 221 F.R.D. 246, 247 (D.D.C. 2004). Further, allowing NGP to serve and file its Amended Answer will not cause a delay.

Here, there is no reason to deny NGP's proposed Amended Answer. Many of the defenses NGP seeks to add are implicit in its Answer but are not readily apparent from reading the Answer to the Complaint. NGP seeks to amend its answer to ensure that it will not be precluded from pursuing these defenses at trial.

Moreover, Aristotle will not be prejudiced by this amendment. NGP's amendment "does not come so late in the game as to confer an unfair strategic advantage

over the plaintiff." *Dove*, 221 F.R.D. at 249. As noted above, the case is still in early discovery and no depositions have taken place. Indeed, there remains sufficient time for Aristotle to counter NGP's defenses. Consequently, NGP should be permitted to amend its Answer under the liberal standards of Fed. R. Civ. P. 15(a).

## CONCLUSION

Based on the foregoing, NGP respectfully requests that the Court grant its Motion for leave to file the Amended Answer.

Respectfully submitted,

/s/ Iris Figueroa Rosario
Eric L. Yaffe (DC Bar No. 439750)
  Eric.Yaffe@gpmlaw.com
Iris Figueroa Rosario (DC Bar No. 477009)
  Iris.Rosario@gpmlaw.com
GRAY, PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, D.C. 20037
Telephone:   (202) 295-2200
Facsimile:   (202) 295-2250

Date: August 2, 2006

Attorneys for Defendant
NGP Software, Inc.