# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARISTOTLE INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:05CV01700 |
| | ) | |
| NGP SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S AMENDED ANSWER TO THE COMPLAINT

Defendant NGP Software, Inc. ("NGP Software") hereby answers the allegations contained in Plaintiff's Complaint as follows:

1. NGP Software is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. NGP Software is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. NGP Software admits that it is a District of Columbia corporation but denies the remaining allegations contained in paragraph 3.

4. NGP Software admits the allegations contained in paragraph 4.

5. NGP Software admits that it is a provider of political software and that it competes against Plaintiff and others for certain business. NGP Software denies the remaining allegations contained in paragraph 5.

### Jurisdiction and Venue

6. NGP Software admits the allegations contained in paragraph 6.

### The Controversy Between the Parties

7. NGP Software admits the allegations contained in paragraph 7.

8. NGP Software denies the allegations contained in paragraph 8.

9. NGP Software denies the allegations contained in paragraph 9.

10. NGP Software admits that it targets its marketing and promotion to Democrats and their allies but denies the remaining allegations contained in paragraph 10.

11. NGP Software admits that its mission is to deliver political technology and services to Democrats and their allies, that it seeks to provide a positive impression about its business abilities and ethics to its customers, and that, when appropriate, it attempts to convince them that its software and services would be best suited for their needs. NGP Software denies the remaining allegations contained in paragraph 11.

12. NGP Software admits that it markets its products and services through: (1) its website; (2) e-mails; (3) listings in select magazines, blogs, and directories; (4) the mail; and (5) other contacts with its customers and potential customers. NGP Software denies the remaining allegations contained in paragraph 12.

13. NGP Software asserts that any statements made in print speak for themselves, and notes that many of the quotations set forth in paragraph 13 are inaccurate and/or taken out of context. NGP Software denies the remaining allegations contained in paragraph 13.

14. NGP Software asserts that any statements made in print speak for themselves. NGP Software denies the remaining allegations contained in paragraph 14.

15. NGP Software admits that in its marketing and promotion it refers to servicing Democrats and their allies but denies the remaining allegations contained in paragraph 15.

16. NGP Software denies the allegations contained in paragraph 16.

17. NGP Software admits that it posted on its website an article written by the Wall Street Journal but denies the remaining allegations contained in paragraph 17.

18. NGP Software admits that its mission is to deliver political technology and service to Democrats and their allies but denies the remaining allegations contained in paragraph 18.

19. NGP Software denies the allegations contained in paragraph 19.

20. NGP Software admits that it has an agreement with another political software provider but denies the remaining allegations contained in paragraph 20.

21. NGP Software denies the allegations contained in paragraph 21.

22. NGP Software denies the allegations contained in paragraph 22.

23. NGP Software denies the allegations contained in paragraph 23.

24. NGP Software admits that it has had an agreement with another political software provider but denies the remaining allegations contained in paragraph 24.

25. NGP Software denies the allegations contained in paragraph 25.

26. NGP Software denies the allegations contained in paragraph 26.

27. NGP Software admits that it used to operate a business located at 5305 Connecticut Avenue but denies the remaining allegations contained in paragraph 27.

28. NGP Software admits that the address listed on its website is 5505 Connecticut Avenue but denies the remaining allegations contained in paragraph 28.

29. NGP Software denies the allegations contained in paragraph 29.

30. NGP Software admits that Nathaniel Pearlman has received a citation from the District of Columbia and that the matter has not been concluded. NGP Software denies the remaining allegations contained in paragraph 30.

31. NGP Software denies the allegations contained in paragraph 31.

32. NGP Software denies the allegations contained in paragraph 32.

33. NGP Software denies the allegations contained in paragraph 33.

34. NGP Software denies the allegations contained in paragraph 34.

35. NGP Software denies the allegations contained in paragraph 35.

36. NGP Software denies the allegations contained in paragraph 36.

37. NGP Software denies the allegations contained in paragraph 37.

### Count I – Unfair Competition by False Advertising
### (Lanham Act)

38. NGP Software incorporates by reference its answers to paragraphs 1-37 as though fully set forth herein.

39. NGP Software denies the allegations contained in paragraph 39.

40. NGP Software denies the allegations contained in paragraph 40.

41. NGP Software admits that its political software entered interstate commerce but denies the remaining allegations contained in paragraph 41.

42. NGP Software denies the allegations contained in paragraph 42.

43. NGP Software denies the allegations contained in paragraph 43

44. NGP Software denies the allegations contained in paragraph 44.

45. NGP Software denies the allegations contained in paragraph 45.

NGP Software denies that Plaintiff is entitled to any judgment or to any relief against it.

### Count II – Unjust Enrichment

Pursuant to the Court's Order dated June 7, 2006, this Count has been dismissed.

### Affirmative Defenses

A. NGP Software pleads that Plaintiff has failed to state any claim upon which relief can be granted.

B. NGP Software pleads the affirmative defense of unclean hands.

    C.    NGP Software pleads that Plaintiff is barred from recovery because it is unable to prove that NGP Software engaged in any false or misleading advertising or that NGP Software caused it to suffer any damages.

    D.    NGP Software pleads that Plaintiff is not entitled to recover its costs, expenses, or attorneys' fees under any theory of law.

    E.    NGP Software pleads that this is an exceptional case and that it is entitled to its attorneys' fees and costs.

    F.    NGP Software pleads that Plaintiff is not entitled to any equitable relief.

    G.    NGP Software pleads that if Plaintiff has suffered any damages, such damages were caused by acts or omissions of Plaintiff for which NGP Software is not liable.

    H.    NGP Software pleads that Plaintiff is highly litigious and is improperly using the judicial system to attempt to gain a competitive advantage over NGP Software.

    I.    Without conceding any liability or that Plaintiff has suffered any damages as a result of any purportedly wrongful acts or omissions of NGP Software, NGP Software pleads that it did not knowingly or intentionally engage in any wrongful conduct.

    J.    NGP Software pleads that if Plaintiff has lost any business it is due to matters that are unrelated to its allegations that NGP Software has engaged in false and misleading advertising.

    K.    NGP Software pleads that if any representations were made by NGP Software, such representations were of such a nature that they could not be considered to be violative of any law or regulation, and thus Plaintiff is not entitled to any relief.

    L.    NGP Software pleads that if Plaintiff was damaged as alleged, which is denied, said damages were in no way caused by NGP Software or by any person acting with, through, or

under NGP Software or by any person for whose conduct NGP Software is legally responsible or answerable, and Plaintiff can recover nothing from NGP Software.

M.   NGP Software pleads that if any representations were made by NGP Software, such representations were true and thus Plaintiff is not entitled to any relief.

N.   NGP Software pleads that if any representations were made by NGP Software, such representations were immaterial and thus Plaintiff is not entitled to any relief.

O.   NGP Software pleads that if any representations were made by NGP Software, NGP Software did not benefit from such representations, and thus Plaintiff can recover nothing.

WHEREFORE, Defendant NGP Software prays that this Court dismiss Plaintiff's claims with prejudice, award NGP Software judgment against Plaintiff, award NGP Software its costs and attorneys' fees incurred in connection with those claims, and award NGP Software such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Iris Figueroa Rosario
Eric L. Yaffe (DC Bar No. 439750)
   Eric.Yaffe@gpmlaw.com
Iris Figueroa Rosario (DC Bar No. 477009)
   Iris.Rosario@gpmlaw.com
GRAY, PLANT, MOOTY, MOOTY
   & BENNETT, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, D.C.  20037
Telephone:   (202) 295-2200
Facsimile:   (202) 295-2250

Date: August 2, 2006

Attorneys for Defendant
NGP Software, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2006, a copy of the foregoing **DEFENDANT'S AMENDED ANSWER TO THE COMPLAINT** was sent electronically via the Court's PACER system, by facsimile, and by first-class mail, postage prepaid, to the following:

>Robert L. Bredhoff, Esq. (DC Bar No. 338103)
>  Rbredhoff@steinmitchell.com
>David U. Fierst, Esq. (DC Bar No. 912899)
>  Dfierst@steinmitchell.com
>Stein, Mitchell & Mezines L.L.P.
>1100 Connecticut Avenue, N.W.
>Washington, D.C.  20036
>Telephone:   (202) 737-7777
>Facsimile:   (202) 296-8312
>
>J. Blair Richardson, Esq. (DC Bar No. 385482)
>  Blair.Richardson@aristotle.com
>7440 Chummley Court
>Falls Church, Virginia  22043
>Telephone:   (703) 846-0078
>Facsimile:   (703) 846-0576

Attorneys for Plaintiff Aristotle International, Inc.

/s/ Iris Figueroa Rosario

GP:1978267 v1