IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTOTLE INTERNATIONAL, INC.,          ) | |
| ) | |
| Plaintiff,                              ) | |
| ) | |
| vs.                                     ) | Civil Action No. 1:05CV01700 |
| ) | |
| NGP SOFTWARE, INC.,                     ) | |
| ) | |
| Defendant.                              ) | |

**STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

Recognizing that Plaintiff Aristotle International and Defendant NGP Software seek discovery of confidential information from each other and from third-party sources, the parties hereby agree to this Stipulated Confidentiality Agreement and Protective Order as follows:

1. Either party may designate as confidential any information, document, or thing produced or obtained by the parties in connection with this action, including documents produced by third parties, that is reasonably believed to contain trade secrets, or confidential research, development, financial, or commercial information, by printing "**CONFIDENTIAL**" on the face page or exterior thereof. The inscription "**CONFIDENTIAL**" on the face page of any document shall apply to all subsequent pages of the same document, unless the contrary is specifically indicated in writing. With respect to documents produced by third parties, unless otherwise agreed to in writing, each party shall have twenty-one (21) days from receipt of the documents to designate the documents confidential.

2. No information, document, or thing marked "**CONFIDENTIAL**," or the contents thereof ("Confidential Information"), shall be disclosed by the party receiving it to any person or entity which is not a party, attorney for a party, expert witness, or fact witness involved in the

lawsuit, or an officer or employee of any of the foregoing having duties with respect to this action, or the Court, or a Court employee. All Confidential Information covered by this Agreement, including all copies of such Confidential Information, must be maintained in counsels' office, with the exception of Confidential Information provided to individuals employed to act as experts in this case. Counsel for the parties shall take all steps reasonably necessary to see that no person shall use, disclose, or record such Confidential Information for any purpose other than the preparation or conduct of this case. The restrictions on the use of Confidential Information established pursuant to this Agreement shall not apply to the party, person, or entity producing the Confidential Information. The restrictions on the use of Confidential Information established pursuant to this Agreement shall also not apply to copy or imaging services retained by counsel for the parties to assist in the duplication of Confidential Information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any of the Confidential Information to third parties and to immediately return to counsel all originals and copies of any Confidential Information.

3. All Confidential Information disclosed pursuant to this Agreement shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purposes. Under no circumstances shall Confidential Information obtained through discovery be disclosed to anyone other than the persons designated herein, and such persons shall not disclose Confidential Information to anyone not designated herein during or after the termination of this litigation. The provisions of this Paragraph 3 shall not apply to the Court or Court employees.

4. Before any Confidential Information covered by this Agreement is disseminated or disclosed to any of the above designated persons, other than attorneys, their paralegals, their

secretaries, who are all bound by the terms of this Agreement via the signature of counsel, the Court and employees of the Court, such person shall (a) read the Stipulated Confidentiality Agreement and Protective Order in its entirety; and (b) signify, by executing a copy of the Acknowledgment to Be Bound by Order Governing the Confidential Treatment of Discovery Material, attached hereto, that such person agrees to the provisions of this Agreement and consents to the jurisdiction of the Court for appropriate proceedings in the event of any violation of the confidentiality provisions of this Agreement. Intentional or grossly negligent violation by any person of any term of this Agreement is punishable as contempt of court, and will entitle the aggrieved party to appropriate relief, including, but not limited to, injunctive relief and monetary damages. The provisions of this Paragraph 4 shall not apply to the Court or Court employees.

5. Counsel shall make reasonable and good faith efforts to limit designation of Confidential Information to specific parts or sections of documents that are confidential, rather than to make broad assertions of confidentiality.

6. All Confidential Information filed with the Court shall be filed in compliance with Local Rule 5.1(j). All Confidential Information filed for any purpose shall be filed in a sealed envelope or other container marked on the outside as follows:

> **This document is subject to a Stipulated Confidentiality Agreement and Protective Order issued by this Court and may not be examined or copied except in compliance with that Order.**

Confidential Information so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or persons authorized by the terms of this Order to have access thereto. If the filing party fails to file under seal material designated as Confidential by another party, in addition to any other remedies available at law or in equity, the producing party, or any

party claiming confidentiality with respect to the information may file a motion to seal the designated material.

7. Whenever Confidential Information is to be discussed in a deposition or other pretrial proceeding, any party claiming confidentiality may exclude from the room any person who is not a party, counsel, expert witness, or otherwise not a person entitled to see or hear Confidential Information.

8. The portions of the transcripts of all testimony designated as Confidential Information shall be separately bound by the Court Reporter and marked "Confidential Pursuant to Court Order."

9. Should any party to this action wish to challenge the designation of information as Confidential, counsel for the parties shall confer and attempt to resolve the disagreement. If a dispute cannot be resolved within five business days of receipt of a written objection, the party challenging the designation may send a letter to the Court or Magistrate, setting forth the reasons why the information is not confidential. The challenging party shall serve that letter by overnight delivery, and the opposing party shall then have five business days (not including the day of receipt) within which to file a response. No reply letter shall be filed.

10. No more than ninety (90) days after final judgment is entered or the last appeal is concluded in this litigation, or after all claims are dismissed with prejudice, whichever occurs last (1) all originals and copies of Confidential Information received by counsel pursuant to this Order shall be returned to counsel for the other side, or, at the option and written direction of counsel for the producing party, shall be destroyed by counsel for the receiving party; and (2) the Clerk of the Court is hereby permitted to return any sealed documents to counsel for the party who designated the material as Confidential, or to destroy the material.

11. Any disclosure of any portion of Confidential Information protected by this Agreement shall not serve to waive any of the protections provided by this Agreement with respect to any other Confidential Information.

Respectfully submitted,

Dated: 8-4-06   By: _____
Robert L. Bredhoff, Esq. (DC Bar No. 338103)
   Rbredhoff@steinmitchell.com
David U. Fierst, Esq. (DC Bar No. 912899)
   Dfierst@steinmitchell.com
Stein, Mitchell & Mezines L.L.P.
1100 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:   (202) 737-7777
Facsimile:   (202) 296-8312

J. Blair Richardson, Esq. (DC Bar No. 385482)
   Blair.Richardson@aristotle.com
7440 Chummley Court
Falls Church, Virginia 22043
Telephone:   (703) 846-0078
Facsimile:   (703) 846-0576

Attorneys for Plaintiff
Aristotle International, Inc.

Dated: 8-4-06          By: _____
                            Eric L. Yaffe (DC Bar No. 439750)
                              Eric.Yaffe@gpmlaw.com
                            Iris Figueroa Rosario (DC Bar No. 477009)
                              Iris.Rosario@gpmlaw.com
                            GRAY, PLANT, MOOTY, MOOTY
                              & BENNETT, P.A.
                            2600 Virginia Avenue, N.W., Suite 1111
                            Washington, D.C. 20037
                            Telephone:    (202) 295-2200
                            Facsimile:    (202) 295-2250

                            Attorneys for Defendant
                            NGP Software, Inc.


Entered this _____ day of _____, 2006.


                            _____
                            Thomas F. Hogan
                            Chief Judge

GP:1974176 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARISTOTLE INTERNATIONAL, INC.,       )
                                     )
        Plaintiff,                   )
                                     )
        vs.                          )   Civil Action No.  1:05CV01700
                                     )
NGP SOFTWARE, INC.,                  )
                                     )
        Defendant.                   )

**ACKNOWLEGEMENT TO BE BOUND BY ORDER GOVERNING THE
CONFIDENTIAL TREAMENT OF DISCOVERY MATERIAL**

I, _____, being of full age, hereby certify that I have been provided with a copy of the Stipulated Confidentiality Agreement and Protective Order entered in the matter entitled *Aristotle International, Inc. v. NGP Software, Inc.*, pending before the United States District Court for the District of Columbia, Case No. 1:05CV01700.  I have read the Stipulated Confidentiality Agreement and Protective Order and agree to be bound by its terms.

_____

Date: _____

GP:1976822 v1