# EXHIBIT A

Case 1:05-cv-01700-TFH     Document 23-2     Filed 08/14/2006     Page 1 of 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ARISTOTLE INTERNATIONAL, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05CV01700 |
| | ) | |
| NGP SOFTWARE, INC. | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**AMENDED COMPLAINT**

Plaintiff, Aristotle International, Inc. ("Aristotle"), by its attorneys, alleges as follows for its Complaint against Defendant NGP Software, Inc. ("NGP").

**SUMMARY**

This is an action for injunctive relief under the Lanham Act.

**THE PARTIES**

1.  Plaintiff Aristotle is a Delaware corporation with its principal place of business in the District of Columbia at 205 Pennsylvania Avenue, SE, Washington, DC 20003

2.  Aristotle is a non-partisan provider of political software products and related services ("Political Software") for the nationwide political, campaign, and grassroots organization marketplace, which includes, *inter alia,* elected officials, candidates, political action committees, political party organizations, trade associations, corporations, and

2

   other entities required to report political fundraising contributions and expenditures (together, "political marketplace").

3. Defendant NGP is a District of Columbia corporation with its principal place of business in the District of Columbia at 1101 Vermont Avenue, NW, Washington, DC., and was formed in 1997.

4. The owner and registered agent of Defendant is Nathaniel G. Pearlman, who resides at 5440 Nevada Avenue, NW, Washington, DC 20015

5. Defendant NGP is a provider of Political Software for the political marketplace.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction under 28 U.S.C. §1331 and venue is appropriate in this court under 28 U.S.C §1391(b).

## THE CONTROVERSY BETWEEN THE PARTIES

7. The parties are direct competitors with respect to Political Software in the political marketplace.

*Defendant's Democrat-only Advertising*

8. Defendant undertakes and has undertaken its advertising, marketing and promotions through, *inter alia*, statements published at NGP's website; statements to the press; articles posted at its website; pronouncements by Pearlman at a web log linked to Defendant's website; speeches and public appearances; information distributed at conferences; Internet advertisements on other websites; email, fax, telephone and oral sales pitches directly to customers, prospects and

9. Since NGP's inception, Defendant's advertising, marketing and promotion campaign has relentlessly sought to capture the Democratic-allied portion of the political marketplace, in part by claiming that NGP provides its products and services "solely to Democrats and their allies", and similar claims of that nature ( together "Democrat-only Advertising")

10. Defendant's Democrat-only Advertising is designed to create the impression that its exclusive "Democratic" credentials are pure and unimpeachable; that Defendant does no business with those who are not Democrats and their allies; that Defendant necessarily works harder for its customers because its only goal is the success of Democrats and their allies; that NGP is on a "mission to help only Democrats"; that aiding anyone that is not a Democrat or Democratic ally would be anathema to Defendant.

11. Defendant's Democrat-only Advertising is designed to create the impression that Defendant's Democrat-only posture is a reason that should affect purchasing decisions by, and referrals from, Democrats and their allies.

12. NGP's Democrat-only Advertising, has included or includes the following claims:

- *"NGP Software, Inc. works solely with Democrats and their allies"* [NGP website, multiple times]

4

- *"[A] rare example of a partisan firm in a technical niche"* [NGP website, multiple times]

- *"We make it very clear we only work with one party."* [*Wall Street Journal* article, posted at NGP website]

- ***"Why do people use NGP**? Because they **TRUST** us – we are **PARTISAN** and work only for Democrats and their allies."* [NGP website]

- *"**EXHORTATION**: Help right side of the force. It would be easy to sell to the other side, or form a shadow company to do so, but we have worked only for Democrats are [sic] their allies. That feels good. And I think we have made some difference."* [Pearlman web log]

- *"[Pearlman] formed NGP in 1997 with a mission to help only Democrats".* [*Wall Street Journal* article, posted at and linked from NGP website]

- *NGP Software, Inc. is a political technology consulting firm serving only Democrats and their allies"* [NGP website]

- *"And we like the fact that they work only for Democrats"* [Testimonial, NGP website]

- *"<u>We only work with Democrats</u>"* [NGP marketing flyers]

- *[NGP] serves only Democrats and their allies. [*NGP marketing flyers]

- *"Partisanship can affect the trust of sensitive clients and can help build relationships with party committees, consultants, and allied organizations." [Statement by Pearlman at 2004 Progressive Tech conference, reported in Pearlman weblog]*

5

13. In addition to express claims of the type set forth in paragraph 12, NGP makes numerous claims that by necessary implication, mean the same thing. These include:

- *"NGP Software seeks to passionately deliver political technology and support to Democrats and our allies"* [NGP website]

- *"NGP seeks to be the responsible, dedicated partners of our clients and our common goal: Victorious Democrats."* [NGP website]

- *"Serious Software for Serious Democrats"* [NGP marketing document]

- *"We've been serving Democrats and their allies for eight years now"* [NGP website]

- *"Partisan vendors say that their approach is helping them take market share away from the industry leader, Aristotle International, Inc., which sells to both sides of the aisle."* [*Wall Street Journal* article, posted at NGP website]

- *"NGP Software, Inc. is a Democratic political technology firm that has been working hard for our side since before Democrats were blue"* [Internet advertisement]

- *"Vendors Find Partisanship Builds Trust with Clients, Provides Competitive Edge"* [*Wall Street Journal* article headline, posted at and linked from NGP website]

- *"I have run a growing partisan political software company for more than eight years now"* [Pearlman web log]

- *"[P]artisanship helps make us a better business"* [Pearlman web log]

- *"My identification with Robin Hood fit with my emerging opinions about politics in the United States. Democrats, it was clear, also identified with the working and lower classes and tried to redress income inequalities."* [Pearlman web log]

- *"NGP Software Inc. revises web site: 'My staff persuaded me it was time to switch to a blue color scheme in honor of our service to Democrats…' said President Nathaniel Pearlman".* [NGP Website]

14. Upon information and belief, NGP has made and continues to make repeated assertions similar to those described in paragraphs 10-13 hereof, in all forms of Defendant's advertising.

15. Defendant's Democrat-only Advertising over approximately 10 years has been successful in building Defendant's Democrat-only claim and brand.

16. A direct and residual effect of Defendant's Democrat-only Advertising over approximately 10 years is that prospects contacted directly by NGP often believe NGP to be a Democrat-only firm, sometimes without NGP's mention of such claim to the prospect or without the prospect's direct reference to NGP's Democrat-only Advertising.

17. A direct and residual effect of Defendant's Democrat-only Advertising over approximately 10 years is that prospects who contact NGP directly often already believe NGP to be a Democrat-only firm, sometimes without NGP's mention of such claim to the prospect or without the prospect's direct reference to NGP's Democrat-only Advertising.

7

18. A direct and residual effect of Defendant's Democrat-only Advertising over approximately 10 years is that NGP receives referrals from individuals and entities that believe NGP to be a Democrat-only firm, sometimes even without NGP's mention of such claim to the individuals and entities or without the individuals' and entities' direct reference to NGP's Democrat-only Advertising.

19. Upon information and belief, Defendant believes that its Democrat-only Advertising is a marketing and branding technique that has helped and continues to help it to generate referrals from Democrats and their allies.

20. Upon information and belief, Defendant believes that its Democrat-only Advertising is a marketing and branding technique that has helped and continues to help influence Political Software purchasing decisions in favor of NGP over non-partisan direct competitors such as Plaintiff Aristotle.

21. Defendant has devoted a significant amount of time, promotional efforts and resources to create the impression that Defendant is a Democrat-only firm that would never provide Political Software to, or engage in business ventures with, anyone but Democrats and their allies.

22. Defendant's Democrat-only Advertising claims are false literally and by necessary implication.

23. Upon information and belief, Defendant has entered into a five-year "reseller" venture with another Political Software provider whereunder

such other provider will market NGP's political software under a "private label" ("Reseller Agreement").

24. Upon information and belief, Defendant has entered into the Reseller Agreement so that Defendant can profit from sales of its Political Software to the following organizations: Republican-leaning business trade association and corporate political action committees ("PACs"), "right-leaning" 527s, or other organizations that make a substantial amount of their political contributions to Republican candidates, Republican party organizations and Republican leadership PACs (together, such organizations listed in this paragraph are hereafter referred to as "Republican Allies"),

25. Upon information and belief, under the Reseller Agreement, Defendant's Political Software is and may be marketed and sold to Republican Allies, and Defendant is compensated therefor.

26. Upon information and belief, Defendant also has been and continues to be compensated for supporting and continuing to support the Political Software marketed to Republican Allies through the Reseller Agreement.

27. Such support includes or has included, *inter alia*, training reseller's support staff, responding to technical support inquiries, providing software updates, providing server space to Republican Allies, sharing customer leads, and other efforts.

28. Upon information and belief, Defendant entered the Reseller Agreement in May of 2004, so that Defendant intended to provide

software and support for Republican Allies for the 2004 elections, including the U.S. Presidential election.

29. Upon information and belief, under the Reseller Agreement, Defendant did provide software and support for Republican Allies for the 2004 U.S. elections, including the U.S. Presidential election.

30. Upon information and belief, under the Reseller Agreement, Defendant intends to provide software and support for Republican Allies through the 2008 U.S elections, including the U.S. Presidential election.

31. Upon information and belief, Defendant has made efforts to conceal the Reseller Agreement from its customers and the public.

32. Upon information and belief, such concealment efforts include maintaining secrecy about the arrangement, encouraging the Reseller to conceal the origin and source of Defendant's Political Software provided under the Reseller Agreement, altering such software to hide its origin and source, contractually requiring that the true source of the NGP software marketed under the Reseller Agreement not be disclosed to customers or prospects without NGP's consent, and other efforts.

33. Upon information and belief, Defendant is aware that providing its Political Software to, and supporting the software for, Republican Allies under the Reseller Agreement, renders Defendant's Democrat-only Advertising literally false.

34. Upon information and belief, Defendant believes that its receipt of substantial compensation for providing its Political Software to, and

supporting the software for, Republican Allies under the Reseller Agreement, renders Defendant's Democrat-only Advertising literally false and could affect the purchasing decisions and referrals by those who have believed such Democrat-only Advertising.

35. Upon information and belief, NGP also has provided and continues to provide its Political Software directly to some Republican Allies.

36. Upon information and belief, NGP also has provided and provides its Political Software directly to independent candidates running against Democrats or to such candidates' leadership PACs (together, "Independents").

37. Upon information and belief, Defendant is aware that directly providing its Political Software to, and supporting the software for, Republican Allies and Independents, renders Defendant's Democrat-only Advertising literally false.

38. Upon information and belief, Defendant is aware that receiving substantial compensation for providing its Political Software to, and supporting the software for, Republican Allies and Independents renders Defendant's Democrat-only Advertising literally false and could affect the purchasing decisions and referrals by those who believe such Democrat-only Advertising.

39. Upon information and belief, Defendant's Democrat-only Advertising expressly included or has expressly included direct contrasts or comparisons of NGP's allegedly Democrat-only posture with Aristotle's

position as a non-partisan provider of Political Software ("Comparative Advertising").

40. In Defendant's Comparative Advertising, Defendant omits the material fact that Defendant provides its Political Software to Republican Allies directly and through the Reseller Agreement, and derives substantial income therefrom.

41. Such Comparative Advertising is literally false.

42. Such Comparative Advertising is intended to create the false impression with Democrats and their allies that Defendant does not provide its software to Republican Allies, while Aristotle is admittedly non-partisan, and thus is a reason that should influence the prospect's purchasing decision in favor of Defendant.

43. Defendant's Democrat-only Advertising refers at times to Aristotle as Defendant's "top competitor", or similar terms that do not mention Aristotle by name.

## COUNT I --   Unfair Competition by False Advertising (Lanham Act)

44. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1-43 hereof as if the same were fully restated and set forth herein.

45. Defendant's Democrat-only Advertising is false, literally and by necessary implication.

46. Defendant's Democrat-only Advertising has the tendency to deceive a substantial segment of customers and potential customers.

47. Defendant's Democrat-only Advertising is material and likely to influence buying decisions.

48. Defendant has caused and is causing the falsely advertised Political Software to enter interstate commerce.

49. Plaintiff believes it is likely to be injured by Defendant's false Democrat-only Advertising.

50. Defendant has been and continues to be aware that since the inception of the Reseller Agreement, NGP's Democrat-only Advertising was and is literally false, willful, in bad faith, deliberately false, intentionally set forth to deceive the public, and egregious in light of the advertising culture of the marketplace in which the parties compete.

51. Defendant has been and continues to be aware that since Defendant began providing its software directly to Republican Allies and Independents, NGP's Democrat-only Advertising was and is literally false, willful, in bad faith, deliberately false, intentionally set forth to deceive the public, and egregious in light of the advertising culture of the marketplace in which the parties compete.

Wherefore, on Count I, Plaintiff prays for judgment as follows:

    A. Permanently enjoining Defendant from all Democrat-only Advertising;

    B. Requiring Defendant to issue corrective advertising sufficient to correct the false Democrat-only Advertising Defendant has

engaged in and engages in, and fully disclosing the extent of Defendant's deceptions;

C. Awarding Plaintiff its attorneys fees, expenses, and costs incurred in connection with this count; and

D. Granting such other and further relief as the Court deems just and proper.

_____
Robert L. Bredhoff, Esq., #338103
David U. Fierst, Esq., #912899
Stein, Mitchell & Mezines L.L.P.
1100 Connecticut Avenue, N.W.
Washington, DC 20036
Phone: (202) 737-7777
Fax: (202) 296-8312 (fax)
RBredhoff@steinmitchell.com
DFierst@steinmitchell.com
Attorneys for Plaintiff


_____
J. Blair Richardson, Esq. (DC Bar No. 385482)
      Blair.Richardson@aristotle.com
7440 Chummley Court
Falls Church, Virginia 22043
Telephone:   (703) 846-0078
Facsimile:   703-846-0576

Counsel to Plaintiff

14