IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARISTOTLE INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  1:05CV01700 |
| | ) | |
| NGP SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NGP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM ARISTOTLE**

**INTRODUCTION**

In its response to Defendant NGP Software, Inc.'s ("NGP") First Request for Production of Documents, Plaintiff Aristotle International, Inc. ("Aristotle") agreed to produce certain limited documentation but refused to produce many documents that would plainly be relevant to this litigation or that could lead to the discovery of admissible evidence. *See* Aristotle's responses, attached hereto as Exhibit A. As set forth in further detail below, NGP seeks an Order from this Court compelling Aristotle to produce all documents responsive to Request Nos. 1, 8, 11, 16, 18, 19, and 24, all of which were objected to in whole or in part by Aristotle.

**BRIEF BACKGROUND**

Aristotle claims that NGP's advertisements of its political software are literally false and that, contrary to such advertisements, NGP sells to Republicans.[1] *See* Amended Complaint. On June 21, 2006, NGP served on Aristotle a First Request for Production of Documents seeking information concerning claims made in Aristotle's Complaint (now Amended Complaint),

---

[1] Aristotle recently amended its Complaint dropping, among other things, its claims for monetary damages and profits and its allegation that NGP's advertising is misleading under the Lanham Act. Aristotle's Amended Complaint seeks injunctive relief only and avers that NGP's advertisement is literally false (as opposed to misleading).

information relevant to NGP's defenses, and/or information relevant to the discovery of admissible evidence. On July 21, 2006, Aristotle objected to many of the requests. NGP now seeks all documents responsive to Request Nos. 1, 8, 11, 16, 18, 19, and 24, and asks, for the reasons discussed herein, that the Court grant its Motion.

**ARGUMENT**

I.  **ARISTOTLE SHOULD PRODUCE THE DOCUMENTS IN QUESTION**

The touchstone for discovery is whether information is relevant or reasonably calculated to lead to the discovery of admissible evidence, and is not shielded by any privilege. Fed. R. Civ. 26(b)(1). Aristotle is not able to assert that any privilege precludes this discovery. Parties are to be afforded a broad and liberal opportunity to conduct pretrial discovery, a policy that militates strongly in favor of the production of the documents sought in this case. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

Aristotle should be commanded to produce the documents responsive to NGP's requests. As the Plaintiff, Aristotle cannot merely produce documents that it thinks are helpful to its case or that relate to its narrow definition of what is relevant. NGP is entitled to pursue its defenses and receive in discovery those documents that relate to its defenses or may lead to the discovery of admissible evidence. Aristotle's wholesale objections and stingy responses to NGP's discovery requests will simply increase the costs of this litigation, unnecessarily burden the Court, and make it more difficult for the case to be resolved in a fair and equitable fashion.

Below, NGP lists each request that is the subject of this Motion, Aristotle's response, and the reason that the Court should Order that the documents requested be produced.

### Request No. 1

Request No. 1 asks that Aristotle produce "all of Aristotle's customer feedback or survey information, and all of Aristotle's communications from and to customers, concerning NGP's software or services." Aristotle indicated that it would only produce "customer feedback, survey information, and Aristotle's communications from and to customers, to the extent they relate to NGP's claims of honesty and integrity, or claims of partisan service."

In order to prevail on its false advertising claim under the Lanham Act, Aristotle must show that NGP's "advertising was (1) false or misleading; (2) actually or likely deceptive; (3) material in its effect on buying decisions; (4) connected with interstate commerce; and (5) actually or likely injurious." *Riggs Inv. Mgmt. Corp. v. Columbia Partners, L.LC.*, 966 F. Supp. 1250, 1267 (D.D.C. 1997). Materiality is a critical element. "The materiality requirement is based on the premise that not all deceptions affect consumer decisions." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1250 (11th Cir. 2002).[2] Indeed, "even when a statement is literally false [as Aristotle alleges in this case] or has been made with the intent to deceive, materiality must be demonstrated in order to show that the *misrepresentation had some influence on consumers*." *Cashmere & Camel Hair Mfg. Inst. v. Saks Fifth Avenue*, 284 F.3d 302, 311-12 (1st Cir. 2002) (emphasis added).

Under its burden of proof, Aristotle must show that the alleged false advertising would have influenced consumers in their purchasing decision. *See, e.g., National Basketball Ass'n v.*

---

[2] The First, Second, and Eleventh Circuits require a plaintiff to prove materiality in cases where a plaintiff alleges literal falsity. *See Cashmere & Camel Hair Mfg. Inst. v. Saks Fifth Avenue*, 284 F.3d 302, 311-12 (1st Cir. 2002) (materiality must be proven even in a case where the plaintiff claims literal falsity); *National Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997) (same); *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1250 (11th Cir. 2002) (same). *But see Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1355 (U.S. 2001) (materiality need not be proven in a literal falsity case).

*Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997) (Advertising claim that defendant's updated basketball game scores were "direct from each arena" was false because the scores, in fact, came from broadcasts and not directly from each arena. However, "[w]hether the data is taken from broadcasts instead of being observed first-hand, is, therefore, simply irrelevant. What consumers cared about was obtaining up to the minute sports scores. They were indifferent to the method by which those scores were obtained."). *See also Johnson & Johnson Vision Care, Inc.*, 299 F.3d at 1250 ("[t]he materiality requirement is based on the premise that not all deceptions affect consumer decisions"); *Cashmere & Camel Hair Mfg. Inst.*, 284 F.3d at 311-12 ("materiality focuses on whether the false or misleading statement is likely to make a difference to purchasers").

Customer feedback and surveys and Aristotle's communications from and to customers may contain critical evidence concerning why people choose NGP. By rewording NGP's request and limiting its production of documents to those that "relate to NGP's claims of honesty and integrity, or claims of partisan service," Aristotle seeks to limit NGP's discovery, and refuses to provide documents that may reflect why customers choose NGP, how Aristotle words it communications with customers concerning NGP (which may have an affect on customers' responses), and admissions made by Aristotle concerning NGP.

Aristotle's narrowing of this request should not be permitted, and it should be ordered to produce all documents responsive to Request No. 1.

**Request No. 8:**

Request No. 8 asks that Aristotle produce "all documents that show any of the Democrats, Republicans, and others you assisted, through your software and services, for the last four election cycles (2000, 2002, 2004, and 2006). In lieu of producing the documents

4

responsive to this request, you may provide a list of the names and addresses of each person or entity you assisted." Aristotle objected to this request on grounds of relevance.

This request could not be more relevant to the issues involved in this case. NGP must understand who Aristotle's customers were in order to know whether NGP turned down any of those customers as clients because they were Republicans (NGP does not keep a list of prospects who approached it but that it turned down). Such evidence may be important to show that NGP does in fact work only with Democrats and their allies, and that its conduct establishes that. Moreover, it is equally important for NGP to show the reasons customers may have chosen Aristotle even though such customers were Democrats or their allies. This may lead to evidence that customers are choosing political software companies based on factors other than whether the companies are partisan in nature. *See, e.g., National Basketball Ass'n*, 105 F.3d at 855 ; *Johnson & Johnson Vision Care, Inc.*, 299 F.3d at 1250; *Cashmere & Camel Hair Mfg. Inst.*, 284 F.3d at 311-12. Again, Aristotle's attempt to avoid the production of documents that are relevant to this matter should not be countenanced, and it should be ordered to produce these documents.

**Request No. 11**

Request No. 11 asks that Aristotle produce "[a]ll marketing and promotional materials, and other documents, concerning the promotion or marketing of your software and services, from January 1, 2000 to the present." Aristotle agreed only to produce marketing materials that refer to NGP. NGP believes that Aristotle has unclean hands and that its marketing and promotional materials contain false information concerning its software and services. Aristotle's "unclean hands" is one of NGP's affirmative defenses, making these documents highly relevant to this case. In addition, Aristotle's marketing materials will be important to put into context the language used by NGP that Aristotle claims is false, since the trier of fact will need to understand

the industry and the claims that are made by competitors in the industry (including Aristotle's claims) in order to render a fair judgment about the nature of Aristotle's allegations in this case.

**Request No. 16**

Request No. 16 asks that Aristotle produce "all documents that mention NGP or Pearlman [Nathaniel Pearlman is the owner of NGP]." Aristotle narrowed the request so that it would produce only a limited subset of the documents requested, stating "it is producing requested documents that reflect or rebut NGP's false and misleading advertising; that are Aristotle advertising that refers to NGP; that constitute communications with or by NGP or Pearlman; that constitute communications concerning this lawsuit; and that constitute comments on the use of Federal Election Commission records."

It is unclear why Aristotle felt compelled to restate the request in such a tortured and convoluted fashion. Nevertheless, Aristotle has narrowed the request so that it can produce few if any documents. Documents mentioning or referring to NGP or Mr. Pearlman, however, will likely relate to numerous issues relevant to this lawsuit including, among other things: (1) Aristotle's motives and biases in bringing this action; (2) whether this action was brought in good faith, *see Newborn v. Yahoo!, Inc.*, No. 1:04CV00659, 2006 U.S. Dist. LEXIS 32065, at *17 (D.D.C. May 23, 2006) (noting that, in Lanham Act cases, with respect to the issue of awarding attorneys' fees and costs, the court will evaluate whether the matter was brought in good faith or with ill motive); *Designing Health, Inc. v. Erasmus*, No. CV 98-4758, 2003 U.S. Dist. LEXIS 26512, at *39 (C.D. Cal. May 1, 2003) (same); (3) Aristotle's own perceptions (and admissions) as to why it is losing business to NGP; and (4) customer reactions to NGP and whether customers are choosing NGP for reasons other than the alleged false advertising. In its Answer to the Amended Complaint, ¶ G, NGP has alleged that, among other things, Aristotle has

6

brought this case in bad faith. Aristotle should not be able to hide documents in its possession concerning NGP, and such documents should be produced.

**Request No. 18**

Request No. 18 asks that Aristotle produce "all documents relating to complaints from customers concerning software or services Aristotle has provided to them, from January 1, 2000 to the present." Aristotle objected to producing any documents responsive to this request.

Aristotle's objections are without foundation. NGP is entitled to establish that customers have chosen it because of NGP's reputation for superior services, prices, and quality, not because of any alleged false advertising. In addition, complaints concerning Aristotle's products will produce direct evidence, or potentially indirect evidence and leads, relating to the reasons that customers have chosen NGP over Aristotle, which is a critical issue in this case. Accordingly, Aristotle should be ordered to produce the requested information. *See National Basketball Ass'n*, 105 F.3d at 855; *Johnson & Johnson Vision Care, Inc.*, 299 F.3d at 1250; *Cashmere & Camel Hair Mfg. Inst.*, 284 F.3d at 311-12.

**Request No. 19**

Request No. 19 asks that Aristotle produce "all documents relating to communications from you to third parties, including but not limited to the Federal Election Commission, in which you have mentioned or referred to NGP." Aristotle again does not wish to produce all of the documents responsive to this request and instead rewrites the request so it can produce only a limited number of documents. Aristotle states that it is "producing requested documents that constitute Aristotle advertising that refers to NGP; that constitute communications concerning the lawsuit; and that constitute comments on the use of Federal Election Commission records."

What Aristotle has said to third parties concerning NGP has a direct bearing on many issues in this case, and NGP is entitled to receive all of the documents requested. Moreover, the information requested would lead to discoverable information on whether this action was brought in good faith and not for alternative reasons. *See Newborn,* 2006 U.S. Dist. LEXIS *17 (noting that, in Lanham Act cases, with respect to the issue of awarding attorneys' fees and costs, the court will evaluate whether the matter was brought in good faith or with ill motive). For instance, in Aristotle's recent response to NGP's first set of interrogatories, Aristotle stated that in December 2005, it provided a copy of the Complaint to Forbes magazine. There are serious questions regarding Aristotle's reasons for bringing this action that may be answered by the documents Aristotle has refused to provide.

**Request No. 24**

Request No. 24 asks that Aristotle produce "all documents relating to Aristotle's sale of information relating to individuals and campaign contributors Aristotle obtained from the Federal Election Commission's public records." Aristotle objected to the production of any documents responsive to this request.

This request is relevant to the issue of Aristotle's motive for bringing this lawsuit, which NGP believes is unrelated to any alleged false advertising but which instead is related to Aristotle's general concerns about NGP's advantage in the marketplace. Aristotle in the past has attempted to sully NGP through false allegations concerning NGP's use of FEC records, when it is believed that Aristotle itself impermissibly used such records. Accordingly, this request is also relevant to Aristotle's unclean hands, and the documents should be produced.

## CONCLUSION

For the foregoing reasons, NGP asks that the Court compel Aristotle to produce the documents in question and responsive to NGP's Request Nos. 1, 8, 11, 16, 18, 19, and 24.

Respectfully submitted,

/s/ Iris Figueroa Rosario
Eric L. Yaffe (DC Bar No. 439750)
  Eric.Yaffe@gpmlaw.com
Iris Figueroa Rosario (DC Bar No. 477009)
  Iris.Rosario@gpmlaw.com
GRAY, PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, D.C. 20037
Telephone:   (202) 295-2200
Facsimile:   (202) 295-2250

Date: September 22, 2006

Attorneys for Defendant
NGP Software, Inc.