IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARISTOTLE INTERNATIONAL, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     vs. ) | Civil Action No. 1:05CV01700 |
| ) | |
| NGP SOFTWARE, INC., ) | |
| ) | |
|     Defendant. ) | |

**DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendant NGP Software, Inc. ("NGP") hereby answers the Second Amended Complaint as follows:

1.    NGP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.    NGP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.    NGP admits the allegations contained in paragraph 3.

4.    NGP admits the allegations contained in paragraph 4.

5.    NGP admits that it is a provider of political software. NGP denies the remaining allegations contained in paragraph 5.

**Jurisdiction and Venue**

6.    NGP admits the allegations contained in paragraph 6.

**The Controversy Between the Parties**

7.    NGP denies the allegations contained in paragraph 7.

8.    NGP Software admits that it markets its products and services through: (1) its website; (2) e-mails; (3) listings in select magazines, blogs, and directories; (4) the mail; and (5)

other contacts with its customers and potential customers. NGP Software denies the remaining allegations contained in paragraph 8.

9. NGP denies the allegations contained in paragraph 9.

10. NGP admits that it targets its marketing and promotion to Democrats and their allies but denies the remaining allegations contained in paragraph 10.

11. NGP denies the allegations contained in paragraph 11.

12. NGP asserts that any statements made in print speak for themselves, and notes that many of the quotations set forth in paragraph 12 are inaccurate and/or taken out of context. NGP denies the remaining allegations contained in paragraph 12.

13. NGP asserts that any statements made in print speak for themselves. NGP denies the remaining allegations contained in paragraph 13.

14. NGP admits that in its marketing and promotion it refers to servicing Democrats and their allies but denies the remaining allegations contained in paragraph 14.

15. NGP denies the allegations contained in paragraph 15.

16. NGP denies the allegations contained in paragraph 16.

17. NGP denies the allegations contained in paragraph 17.

18. NGP denies the allegations contained in paragraph 18.

19. NGP denies the allegations contained in paragraph 19.

20. NGP denies the allegations contained in paragraph 20.

21. NGP denies the allegations contained in paragraph 21.

22. NGP denies the allegations contained in paragraph 22.

23. NGP admits that it has entered into an agreement with another provider. NGP denies the allegations contained in paragraph 23.

24. NGP denies the allegations contained in paragraph 24.

25. NGP denies the allegations contained in paragraph 25.

26. NGP denies the allegations contained in paragraph 26.

27. NGP denies the allegations contained in paragraph 27.

28. NGP denies the allegations contained in paragraph 28.

29. NGP denies the allegations contained in paragraph 29.

30. NGP denies the allegations contained in paragraph 30.

31. NGP denies the allegations contained in paragraph 31.

32. NGP admits that the reseller agreement has a provision guarding the confidentiality of the agreement. NGP denies the remaining allegations contained in paragraph 32.

33. NGP denies the allegations contained in paragraph 33.

34. NGP denies the allegations contained in paragraph 34.

35. NGP denies the allegations contained in paragraph 35.

36. NGP denies the allegations contained in paragraph 36.

37. NGP denies the allegations contained in paragraph 37.

38. NGP denies the allegations contained in paragraph 38.

39. NGP denies the allegations contained in paragraph 39.

40. NGP denies the allegations contained in paragraph 40.

41. NGP denies the allegations contained in paragraph 41.

42. NGP denies the allegations contained in paragraph 42.

43. NGP denies the allegations contained in paragraph 43.

## COUNT I
## UNFAIR COMPETITION BY FALSE ADVERTISING (LANHAM ACT)

44. NGP incorporates by reference its answers to paragraphs 1-43 as though fully set forth herein.

45. NGP denies the allegations contained in paragraph 45.

46. NGP denies the allegations contained in paragraph 46.

47. NGP denies the allegations contained in paragraph 47.

48. NGP admits that its political software entered interstate commerce but denies the remaining allegations contained in paragraph 48.

49. NGP denies the allegations contained in paragraph 49.

50. NGP denies the allegations contained in paragraph 50.

51. NGP denies the allegations contained in paragraph 51.

NGP denies that Plaintiff is entitled to any judgment or to any relief against it.

## AFFIRMATIVE DEFENSES

A. NGP pleads that Plaintiff has failed to state any claim upon which relief can be granted.

B. NGP pleads the affirmative defense of unclean hands.

C. NGP pleads that Plaintiff is barred from recovery because it is unable to prove that NGP engaged in any literally false and/or misleading advertising or that NGP caused it any damage.

D. NGP pleads that Plaintiff is not entitled to recover its costs, expenses, or attorneys' fees under any theory of law.

E. NGP pleads that this is an exceptional case and that it is entitled to its attorneys' fees and costs.

4

F.  NGP pleads that Plaintiff is not entitled to any equitable relief.

G.  NGP pleads that Plaintiff is highly litigious, has brought this case in bad faith, and is improperly using the judicial system to attempt to gain a competitive advantage over NGP.

H.  Without conceding any liability or that Plaintiff has suffered any injury as a result of any purportedly wrongful acts or omissions of NGP, NGP pleads that it did not knowingly or intentionally engage in any wrongful conduct.

I.  NGP pleads that if Plaintiff has been injured it is due to matters that are unrelated to its allegations that NGP has engaged in false advertising.

J.  NGP pleads that if any representations were made by NGP, such representations were of such a nature that they could not be considered to be violative of any law or regulation, and thus Plaintiff is not entitled to any relief.

K.  NGP pleads that if Plaintiff was injured as alleged, which is denied, said injury was in no way caused by NGP or by any person acting with, through, or under NGP or by any person for whose conduct NGP is legally responsible or answerable, and Plaintiff can recover nothing from NGP.

L.  NGP pleads that if any representations were made by NGP, such representations were true and thus Plaintiff is not entitled to any relief.

M.  NGP pleads that if any representations were made by NGP, such representations were immaterial and thus Plaintiff is not entitled to any relief.

N.  NGP pleads the affirmative defense of statute of limitations.

WHEREFORE, NGP prays that this Court dismiss Plaintiff's claims with prejudice, award NGP judgment against Plaintiff for its costs and attorneys' fees incurred in connection with those claims, and award NGP such other relief as this Court may deem just and proper.

                                                Respectfully submitted,

                                                /s/ Iris Figueroa Rosario
                                                Eric L. Yaffe (DC Bar No. 439750)
                                                   Eric.Yaffe@gpmlaw.com
                                                Iris Figueroa Rosario (DC Bar No. 477009)
                                                   Iris.Rosario@gpmlaw.com
                                                GRAY, PLANT, MOOTY, MOOTY
                                                    & BENNETT, P.A.
                                                2600 Virginia Avenue, N.W., Suite 1111
                                                Washington, D.C. 20037
                                                Telephone:    (202) 295-2200
                                                Facsimile:     (202) 295-2250

Date:  January 18, 2007                      Attorneys for Defendant
                                                NGP Software, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2007, a copy of the foregoing **DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT** was filed electronically via the Court's PACER system and served by facsimile and by first-class mail, postage prepaid, to the following:

> Robert L. Bredhoff, Esq. (DC Bar No. 338103)
>   Rbredhoff@steinmitchell.com
> David U. Fierst, Esq. (DC Bar No. 912899)
>   Dfierst@steinmitchell.com
> Stein, Mitchell & Mezines L.L.P.
> 1100 Connecticut Avenue, N.W.
> Washington, D.C.  20036
> Telephone:    (202) 737-7777
> Facsimile:     (202) 296-8312
>
> J. Blair Richardson, Esq. (DC Bar No. 385482)
>   Blair.Richardson@aristotle.com
> 7440 Chummley Court
> Falls Church, Virginia  22043
> Telephone:    (703) 846-0078
> Facsimile:     (703) 846-0576
>
> Attorneys for Plaintiff Aristotle International, Inc.

/s/ Iris Figueroa Rosario

GP:2050274 v1